United States v. Lyons

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand seventeen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         ROSEMARY S. POOLER,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                    15-3874

KASHAWN LYONS,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Elizabeth A. Latif, Day Pitney
                          LLP, Hartford, CT.

FOR APPELLEES:            Matthew Laroche and Diane
                          Gujarati, for Preet Bharara,
                          United States Attorney for the

1

Southern District of New York,
New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Kashawn Lyons appeals from a November 23, 2015 judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>), sentencing him to three years of imprisonment and to three years of supervised release.  The district court sentenced Lyons after Lyons pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Lyons challenges his sentence as substantively unreasonable.  We review challenges to a sentence under a "reasonableness" standard, which is a "particularly deferential form of abuse-of-discretion review."  <u>United States v. Broxmeyer</u>, 699 F.3d 265, 278 (2d Cir. 2012) (internal quotation marks and citation omitted).  "[S]ubstantive reasonableness review is intended to 'provide a backstop' against sentences that are 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'"  <u>United States v. Dorvee</u>, 616 F.3d 174, 183 (2d Cir. 2010) (quoting <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009)).  In reviewing the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantage of district courts."  <u>United States v. Cavera</u>, 550 F.3d 180, 190 (2d Cir. 2008) (in banc).

Lyons contends that his three-year sentence is substantively unreasonable for three reasons.

1.  Lyons argues that he possessed a firearm for only a moment.  This contention rests on the following account advanced by Lyons on appeal: Lyons's supervisor directed him to enter a vacant apartment in order to renovate it.  Upon entry, Lyons (to his surprise) found someone else's handgun. While Lyons was inside, police officers knocked on the door.

2

Because he feared being found with the weapon, Lyons threw the gun out the window and climbed out afterward.

The problem with this argument is that the district court rejected Lyons's version of the facts at sentencing, calling it "implausible to the point of being almost preposterous." App'x at 171. A district court's factual findings are reviewed for clear error, United States v. Jeffers, 329 F.3d 94, 97 (2d Cir. 2003), and Lyons offers no compelling reason to deem the district court's view clearly erroneous. Therefore, we reject Lyons's premise that his possession of the firearm was transitory.

2. Lyons argues that the district court insufficiently considered (a) the positive aspects of Lyons's character and history, and (b) the hardship his family would face if Lyons were incarcerated. In reviewing a district court's sentence, "we do not consider what weight we would ourselves have given a particular [sentencing] factor. Rather, we consider whether the factor . . . can bear the weight assigned it . . . ." Cavera, 550 F.3d at 191.

The district court adequately weighed the circumstances raised by Lyons on appeal. For example, the district court observed that "[t]here's obviously a lot of good in [Lyons]," and discussed aspects of Lyons's family situation. App'x 170, 172. There is no reason to think the district court improperly weighed the sentencing factors or otherwise arrived at a sentence that is "shockingly high." Dorvee, 616 F.3d at 183.

3. Lyons suggests that his sentence was improperly influenced by the district judge's "personal intolerance for guns" and the judge's unsubstantiated opinion that Lyons has a predisposition to murder. Appellant's Br. at 12, 13. Lyons mischaracterizes the district judge's statements at sentencing. The district judge indicated that felons in possession of firearms are a danger to society--the comment does not reflect an improper bias against firearms. To the contrary, it is an opinion shared by Congress, which criminalized such conduct. See 18 U.S.C. § 922(g). Nor did the district judge assume that "Lyons [was] predisposed to become a murderer." Appellant's Br. at 13. Rather, the district judge observed that Lyons's previous conviction for a shooting was prior conduct that made the instant offense more serious. The district court did not abuse its

3

discretion in considering this prior conviction at sentencing.

For the foregoing reasons, and finding no merit in Lyons's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK